

# NUMBER 13-20-00381-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN THE GUARDIANSHIP OF SHELLEY THOMSON
### A/K/A SHELLEY SUE THOMSON, AN INCAPACITATED PERSON

---

### On appeal from the County Court at Law
### of Comal County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

Selene Smith attempts to appeal the trial court's ruling in this appeal. We dismiss.[1]

*See* TEX. R. APP. P. 43.2.

---

[1] This case was severed from appellate cause 13-19-00517-CV, which was transferred from the Third Court of Appeals in Austin to this Court pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

The trial court appointed appellee the Texas Health & Human Services Commission (the Commission) Thomson's permanent guardian on May 23, 2019 after conducting a hearing regarding Thomson's health issues. Smith was not a party to the May 23 order. On June 17, 2019, Philip Ross filed a notice of appearance[2] asserting that Thomson had hired her to represent him in this matter and a verified motion for temporary restraining order and temporary injunction asking that the trial court issue an injunction allowing Thomson to access "her home, income, automobile and her personal property, to prevent interference with her normal daily activities by her guardian, and to have the fullest access to supports and services in the social settings that she prefers in order to fully exercise her rights to health maintenance and restoration." Ross also requested that the trial court grant a temporary injunction to allow Thomson to among other things chose her attorney. Smith was not a party. The trial court denied the motion.

On June 20, 2019, Ross filed a motion for new trial and/or reconsideration on behalf of Thomson requesting an independent medical exam and for the trial court to set aside its May 23 order. In the motion, Thomson argued, among other things, that there was no evidence to support the trial court's determination that she lacked capacity, the Commission was violating her rights, and she had been misdiagnosed by the doctor who found her to be incompetent. Smith was not a party to this motion. The June 20 motion

---

[2] On July 1, 2019, the Commission filed a motion to show authority alleging that Thomson lacked capacity to hire Ross as her attorney and that the May 23 order prohibited the filing of a petition for adjudication that a guardianship is no longer needed within a period of one year from the date of the May 23 order without special leave of the trial court. The Commission requested a hearing so that Ross could appear and show his authority to serve as Thomson's attorney. Ross filed a reply to the motion to show authority. The trial court granted the Commission's motion on July 17, 2019 because the trial court had determined that Thomson lacked the capacity to enter a contract and construed the pleading as a complaint.

for new trial was overruled by operation of law.

On October 3, 2019, Joann Rivera represented by Ross filed a notice of appearance stating that she was available and willing to be appointed Thomson's successor guardian and requesting for the trial court to find that she was qualified and that it is in Thomson's best interest that she be appointed successor guardian. On October 31, 2019, the trial court denied the relief requested by Rivera.[3] Smith attempted to intervene; however, the trial court did not rule on the motion, and Smith was not a party to the October 31 order. This appeal followed.

On December 15, 2020, we notified Smith that her notice of appeal was defective for failure to comply with rule of appellate procedure 25.1. *See* TEX. R. APP. P. 25.1 (providing that only a party may file a notice of appeal); *In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723 (Tex. 2006) (providing that only parties of record may appeal a trial court's judgment). We further notified Smith that unless she cured the defect within ten days, we would dismiss the appeal. Smith filed a response on December 28, 2020. However, Smith has not cured the defect.

Therefore, this appeal is dismissed for failure to comply with Texas Rules of Appellate Procedure 25.1. Accordingly, we DISMISS the appeal without addressing the merits.[4] Having dismissed the appeal, no motion for rehearing will be entertained, and

---

[3] In the order, the trial court found that Ross did not have the certification required to serve as Thomson's court-appointed attorney pursuant to the estate code. *See* TEX. ESTATE CODE ANN. § 1054.201. The trial court further found that Rivera's application to serve as Thomson's guardian was not in compliance with § 1203.151 of the estate code because Thomson's guardian, the Commission, had not filed a notice of availability of successor guardian. *See* TEX. ESTATE CODE ANN. § 1203.151.

[4] To the extent that Smith wishes to appeal the May 23, July 17, and August 19 orders, we DISMISS those attempted appeals because Smith is not a party.

3

our mandate will issue forthwith.

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of January, 2021.